

FILED
CLERK, U.S. DISTRICT COURT
JAN 2 4 2011
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON A. LOUISVILLE, JR., <br> Petitioner, <br> v. <br> WARDEN GUITERREZ, <br> Respondent. | Case No. CV 11-00189 AG (AN) <br> MEMORANDUM AND ORDER |

## I. BACKGROUND

On January 6, 2011, petitioner Vernon A. Louisville, Jr., a federal prisoner proceeding in *pro se*, filed his pending petition for a writ of habeas corpus by a person in federal custody ("Petition") pursuant to 28 U.S.C. §2241 ("§2241").

The face of the Petition establishes Louisville is currently in the custody of the Bureau of Prisons and confined at the FCI-Victorville I federal prison facility. (Pet. at 1, masthead). However, the sole claim raised in the Petition is not directed at Louisville's federal custody or confinement. Rather, the claim challenges a condition of Louisville's confinement; specifically, he alleges the "FCI-Victorville I Education Department are (sic) forcing me and threatening me to participate in the GED and/or HIGH SCHOOL Program, in which I have proven documentation that I have successfully completed and graduated from a correspondence school that fits the requisite and/or criteria under and

pursuant to CFR § 544.81 and Program Statement 5350.25. I graduated with HIGH HONORS and this FCI-I Facility will not recognize and/or acknowledge my certified and documented completion." (Pet. at 5.)

## II. ANALYSIS

**A. The Petition Must Be Dismissed Since It Does Not Challenge Petitioner's Federal Custody or Confinement.**

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827 (1973). Thus, this court may only entertain a petition for writ of habeas corpus by a person in federal custody where that *custody* is somehow "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Conversely, a civil rights action brought pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of his confinement. *Preiser*, 411 U.S. at 499. The face of the Petition and attached exhibits clearly establish that Louisville is solely challenging a condition of his confinement consisting of his forced participation in a prison educational program. However, this court does not have jurisdiction to consider claims relating to conditions of confinement in habeas corpus proceedings. *Preiser, id.*

**B. The Court Declines to Construe the Petition As a Civil Rights Complaint.**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement. *Preiser*, 411 U.S. at 484, 500. A civil rights action, in contrast, is the proper method of challenging conditions of ... confinement. *Id.* at 498-99; *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (*quoting Preiser*). *Preiser* and *Badea* indicate a district court has the discretion to construe a habeas petition as a §1983 complaint when a *pro se* litigant seeks relief from prison conditions by way of a habeas petition. *Id.* However, both *Preiser* and *Badea* were issued before the enactment of the Prison Litigation Reform Act of 1995 ("PLRA"), which imposes a pre-filing exhaustion requirement in prisoner civil rights actions. *See* 42 U.S.C. §1997e; *Porter v.*

*Nussle*, 534 U.S. 516, 524, 532, 122 S. Ct. 983 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Further, this court finds it would be inappropriate to exercise its discretion here because, in the time that has passed since *Preiser* and *Badea* were issued, the filing requirements for prisoner civil rights actions and habeas corpus actions have changed dramatically. Specifically, the congressionally mandated filing fee for a prisoner civil rights complaint is now $350.00 in contrast to the substantially lower $5.00 filing fee for habeas petitions. 28 U.S.C. §1914(a). Prisoners who cannot pay the $350.00 filing fee to bring a civil rights action and otherwise qualify for *in forma pauperis* ("IFP") status must agree to become financially responsible to pay the entire $350.00 filing fee from their prison trust accounts even if their §1983 claims are ultimately dismissed. *See* 28 U.S.C. §1915(b)(1). Here, Louisville has not even paid the mandatory $5.00 filing fee for his Petition, let alone the $350.00 filing fee to file a prisoner civil rights complaint required by 28 U.S.C. § 1914(a). Nor has he filed an IFP application and agreed to become financially responsible to pay the entire $350.00 filing fee from his prison trust account even if his case is dismissed.

Additionally, before filing a civil rights complaint against Warden Guiterrez, Louisville must also take into consideration that, under PLRA amendments, federal law now requires a district court to dismiss a prisoner civil rights action brought against a governmental entity or employee that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2); 1915A. The dismissal counts as a strike if the prisoner's complaint is dismissed on grounds that it is frivolous, malicious, or fails to state a claim. § 1915(g). After the third strike, the prisoner is barred from filing any more IFP prisoner civil rights complaints unless the prisoner is under imminent danger of serious physical injury. (*Id.*)

///

Accordingly, the Petition will not be construed as a prisoner civil rights complaint.

### III. CONCLUSION

For the reasons set forth above, the pending Petition and action are summarily dismissed without prejudice.

Dated: January 23, 2011

_____
ANDREW GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge